THE CITY OF CHICAGO
*v.*
CHARLES W. LARNED *et al.*

*Opinion filed June 16, 1903.*

SPECIAL ASSESSMENTS—*right of city to improve pleasure driveway.* If a pleasure driveway has been established under the act of 1889, (Laws of 1889, p. 83,) the city may improve the same without a petition of the owners of two-thirds of the frontage, since the proviso to section 1 of such act, requiring such petition, refers only to the original establishment of the driveway.

APPEAL from the Superior Court of Cook county; the Hon. RUSSELL P. GOODWIN, Judge, presiding.

EDGAR BRONSON TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, of counsel,) for appellant.

BASTRUP & O'NEILL, M. H. HOEY, and KRAUS, ALSCHULER & HOLDEN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In pursuance of a recommendation of the board of local improvements of the city of Chicago an ordinance was passed for widening Stewart avenue, in said city, ten feet for the distance of half a block, from North Normal Parkway to the first alley north thereof. The petition

in this case was filed by appellant in the superior court of Cook county to ascertain the just compensation to be paid for the property required for the improvement and to ascertain what property would be benefited by such improvement, and for the confirmation of an assessment upon property so benefited to pay the cost of the land to be taken. The lands of the appellees having been included in the assessment for benefits, they objected on the ground that Stewart avenue is a pleasure driveway, and that appellant has no authority, under the law, to widen it without the petition of the owners of more than two-thirds of the frontage of the land fronting upon the avenue. The court sustained the objection and dismissed the petition.

The act authorizing corporate authorities to designate pleasure driveways and to prescribe the kind of vehicles which shall be allowed upon the same was passed in 1889. (Laws of 1889, p. 83.) So far as material to the question raised by the objection it is as follows:

"An act to provide for pleasure driveways in incorporated cities, villages and towns.

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That the city council in cities, the president and the board of trustees in villages, or the board of trustees in incorporated towns, whether incorporated under the general law or special charter, shall have the power to designate by ordinance the whole or any part of, not to exceed two streets, roads, avenues, boulevards or highways, under their jurisdiction, as a public driveway, to be used for pleasure driving only, and to improve and maintain the same, and also to lay out, establish, open, alter, widen, extend, grade, pave, or otherwise improve and maintain not more than two roads, streets or avenues, and designate the same as pleasure driveways, to be used for pleasure driving only: *Provided*, said powers shall only be exercised when said corporate authorities are peti-

tioned thereto by the owners of more than two-thirds (⅔) of the frontage of land fronting upon said proposed pleasure driveway.

"Sec. 2. Said pleasure driveways may be laid out, extended and improved under the provisions of article 9, of an act to provide for the incorporation of cities and villages, approved April 10, 1872, in force July 1, 1872, and any and all amendments thereto."

The only question to be determined is whether the proviso to the first section applies to the contemplated improvement of the avenue. The purpose of the act is manifested by its title and its provisions, and also by an emergency clause reciting that certain municipalities were about establishing pleasure driveways and boulevards, and doubts existed as to their power to do so. The purpose, as expressed in the title, is to provide for pleasure driveways, and the act authorizes cities, villages and towns to change the character and uses of certain streets, roads, avenues, boulevards or highways by designating and setting them apart for pleasure driving only, and excluding therefrom business traffic, and other travel regarded as objectionable upon such a driveway. It provides that the corporate authorities may designate the whole or any part of not to exceed two streets, roads, avenues, boulevards or highways under their jurisdiction as a public driveway, to be used for pleasure driving only, and to improve and maintain the same. Stewart avenue was an existing avenue of the town of Lake, and by virtue of this act that part between Chestnut and Seventy-ninth streets was designated by said town as a pleasure driveway, and the territory was afterward annexed to the city of Chicago, so that it comes within that provision of the act. The corporate authorities are also authorized to lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve and maintain not more than two roads, streets or avenues, and designate the same as pleasure driveways, to be used for

pleasure driving only. The proviso is, that the powers therein conferred shall only be exercised when said corporate authorities are petitioned thereto by the owners of more than two-thirds of the frontage of land fronting upon said proposed pleasure driveway. This language refers to a proposal to change the character and uses of an existing street from those of the ordinary street to those of a pleasure driveway, or to lay out, establish, open, alter, widen, extend, grade, pave or improve a street to be used for pleasure driving only, and it was deemed advisable by the legislature that a proposed pleasure driveway should only be designated or established upon petition of the owners of more than two-thirds of frontage of the land fronting upon such proposed pleasure driveway. The language of the proviso does not apply to a pleasure driveway already designated and set apart for that use, or to one already laid out, opened and improved for such purpose.

Among the general powers of cities, villages and towns is the power to widen or otherwise improve streets, alleys, avenues and public ways within the incorporation, and the duty to maintain streets and avenues and keep them in proper condition for public use is imposed by law upon the municipality. The procedure in such a case was formerly provided for by article 9 of the general Incorporation act, which has been superseded by the Local Improvement act of 1897, with the amendments thereto. This act does not profess to deal with that subject, but provides that the pleasure driveways may be laid out, extended and improved under the provisions of said article 9 and any and all amendments thereto. It is provided that the corporate authorities may designate the pleasure driveway, and improve and maintain the same, when petitioned therefor according to the terms of the act. It would scarcely be contended that the city could not maintain the driveway except upon petitions, from time to time, of the owners representing two-thirds

of the frontage, or that it could absolve itself from its duties to the public in respect to such maintenance by saying it had not been petitioned by the owners of two-thirds of the frontage. We see no greater warrant for saying that the city cannot improve a driveway except upon such petition. The provision that the city may designate the driveway and improve and maintain the same evidently refers to the original petition that it shall be so designated, improved and maintained for the particular purpose and uses of a pleasure driveway. The petition is only required in the case of a contemplated pleasure driveway, where it is proposed to change the character and limit the uses of a street, and we do not regard the proviso as a limitation upon the power of the city to improve and maintain the street without a petition representing two-thirds of the frontage of the whole street. The whole purpose and scope of the act is to confer power to change a street to a pleasure driveway and to improve and maintain it for that purpose. The Local Improvement act divides cities into classes, and no petition is required to widen and improve a street in a city having a population of one hundred thousand or more, to which class the city of Chicago belongs. When a petition of the owners of two-thirds of the frontage upon an existing street to change such street to a pleasure driveway is presented, and the city acts upon it, it is then authorized to exercise all powers respecting such street for that particular use that it has with reference to any other street, and its powers are not limited or its duties abrogated by the proviso to the first section, which is limited to a proposed driveway. We conclude that the superior court erred in sustaining the objection and dismissing the petition.

The judgment is reversed and the cause is remanded to the superior court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*